Order

# SUPREME COURT OF THE UNITED STATES

————

No. 07–343

————

## PATRICK KENNEDY, PETITIONER *v.* LOUISIANA

ON PETITION FOR REHEARING

[October 1, 2008]

The opinion of the Court is modified by the addition of a footnote at page 15, after the word "considered" in the last paragraph of Part III–A.  The footnote is as follows:

> \* When issued and announced on June 25, 2008, the Court's decision neither noted nor discussed the military penalty for rape under the Uniform Code of Military Justice.  See 10 U. S. C. §§856, 920; Manual for Courts-Martial, United States, Part IV, ¶45.f(1) (2008).  In a petition for rehearing respondent argues that the military penalty bears on our consideration of the question in this case.  For the reasons set forth in the statement respecting the denial of rehearing, *post*, p. ___, we find that the military penalty does not affect our reasoning or conclusions.

The dissenting opinion is modified as follows:

(1)  By the addition of the words "a federal district court to impose" at page 13 between the words "a law permitting" and the words "the death penalty" in the first paragraph of Part I–E;

(2)  By the addition of footnote 6 after the word "values" in said paragraph.  The footnote is as follows:

> 6 Moreover, as noted in the petition for rehearing, the Uniform Code of Military Justice permits such a sentence.  See 10 U. S. C. §856; Manual for Courts-Martial, United States, Part II, Ch. X, Rule 1004(c)(9) (2008); *id.*, Part IV, ¶45.f(1).

The petition for rehearing is denied.

JUSTICE THOMAS and JUSTICE ALITO would grant the petition for rehearing.

Statement of JUSTICE KENNEDY, with whom JUSTICE STEVENS, JUSTICE SOUTER, JUSTICE GINSBURG, and JUSTICE BREYER join, respecting the denial of rehearing.

In its petition for rehearing respondent argues that the military penalty for rape, a congressional amendment of the Uniform Code of Military Justice (UCMJ) in 2006, and a related executive order in 2007 should alter the Court's analysis of the Eighth Amendment question in this case. After considering the petition as well as supplemental briefs from the parties and the United States, the Court has determined that rehearing is not warranted.

The military death penalty for rape has been the rule for more than a century. As respondent acknowledges in its petition for rehearing, military law has included the death penalty for rape of a child or adult victim since at least 1863. See §30, 12 Stat. 736. Since 1950, that punishment has applied to peacetime offenses by members of the military. See Art. 120, 64 Stat. 140. The death penalty, however, has not been carried out against a military offender for almost 50 years. The last instance of military capital punishment, in 1961, was for the crimes of rape and attempted murder. See R. Paternoster, R. Brame, & S. Bacon, The Death Penalty: America's Experience with Capital Punishment 69 (2008). There are six individuals now subject to a final sentence of death under the UCMJ, see NAACP Legal Defense and Educational Fund, Inc., Death Row U. S. A. 66 (Winter 2008), all of whom committed offenses that involved the death of a victim.

In 2006, Congress passed the National Defense Authorization Act, which authorized that year's appropriations for military and national-security activities. Pub L. 109–163. Also in that bill, Congress revised the military's sexual-assault statutes, in part by reclassifying the UCMJ's offense of rape as two separate crimes: adult rape and child rape. §552(a)(1), 119 Stat. 3257. It is unclear what effect, if any, that reclassification worked on the availabil-

ity of the military death penalty. Pending the President's setting the maximum penalty for adult rape and child rape, Congress included a temporary provision applying the existing maximum punishment of death for rape as the "interim maximum punishment" for those crimes. *Id.*, §552(b)(1), at 3263; see also 10 U. S. C. §856. But Congress also removed from the text of the statute itself, §920, the specific authorization of "death" as a punishment; the new statute provides only that adult rape and child rape shall be punished "as a court-martial may direct." For his part, the President later left in place, in the Manual for Courts-Martial, the availability of the death penalty for rape of an adult or child victim. Exec. Order No. 13447, 72 Fed. Reg. 56214 (2007); Manual for Courts-Martial, United States, Part IV, ¶45.f(1) (2008). The parties disagree on the effect of Congress' and the President's actions in light of 10 U. S. C. §818, which allows imposition of the death penalty only "when specifically authorized by this chapter."

　In any event, authorization of the death penalty in the military sphere does not indicate that the penalty is constitutional in the civilian context. The military death penalty for rape was in effect before the decisions in *Furman* v. *Georgia*, 408 U. S. 238 (1972) *(per curiam)*, and *Coker* v. *Georgia*, 433 U. S. 584 (1977); and when the Court surveyed state and federal law in *Coker*, it made no mention of the military penalty. See *id.*, at 595–596, 593, and n. 6 (plurality opinion) (not including the military as a "jurisdiction in the United States" that authorized the death penalty for rape, and naming the Federal Government among jurisdictions that recognized the death penalty for rape prior to *Furman* but citing only the nonmilitary provision). The same is true of more recent Eighth Amendment cases in the civilian context. See *Enmund* v. *Florida*, 458 U. S. 782, 789–793 (1982); *Tison* v. *Arizona*, 481 U. S. 137, 152–154 (1987). This case, too, involves the

application of the Eighth Amendment to civilian law; and so we need not decide whether certain considerations might justify differences in the application of the Cruel and Unusual Punishments Clause to military cases (a matter not presented here for our decision). Cf. *Loving* v. *United States*, 517 U. S. 748, 755 (1996).

That the Manual for Courts-Martial retains the death penalty for rape of a child or an adult when committed by a member of the military does not draw into question our conclusions that there is a consensus against the death penalty for the crime in the civilian context and that the penalty here is unconstitutional. The laws of the separate States, which have responsibility for the administration of the criminal law for their civilian populations, are entitled to considerable weight over and above the punishments Congress and the President consider appropriate in the military context. The more relevant federal benchmark is federal criminal law that applies to civilians, and that law does not permit the death penalty for child rape. Until the petition for rehearing, none of the briefs or submissions filed by the parties or the *amici* in this case cited or discussed the UCMJ provisions.